UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: )
   MEDICAL MANAGEMENT OF VIRGINIA LLC ) Chapter 7
) Case No. 18-10783-BFK
   Debtor )

### OPPOSITION AND MEMORANDUM IN RESPONSE TO
### MOTION TO DETERMINE THAT PATIENT CARE OMBUDSMAN IS NOT NEEDED

NOW COMES Claimant Creditor Andrea Kyriazi acting *Pro Se* (Claimant) and respectfully moves this Court to deny the Motion to Determine that Patient Care Ombudsman Is Not Needed filed by Jack Frankel of Office of the U.S. Trustee on behalf of John P. Fitzgerald, III, on April 12, 2018 (Motion).

MEMORANDUM OF FACTS

1. Claimant was at all relevant times for purposes hereof a medical patient of Dr. Joseph Shaw Jones, M.D., engaged and or operating as an independent contractor under the auspices of, provided and or made available to Claimant for such purposes by Debtor at Debtor's office premises in Fairfax, Virginia (Premises).

2. Claimant was treated by Dr. Jones at the Premises in the afternoon of February 19, 2018.

3. Claimant was informed by email in the morning of February 20, 2018 of the abrupt, immediate closure of Debtor's Premises and the immediate indefinite cessation of Dr. Jones' treatment of Claimant at the Premises.

4. Since such date Claimant has been denied obtaining Claimant's medical records of treatment by Dr. Jones (Medical Records) despite numerous, unanswered requests to Dr. Jones.

5. Debtor's representative Ms. Carol L. Ewens (Ms. Ewens) stated under oath at the section 341 hearing on April 23, 2018 that possession and or control of the Medical Records had

1

been temporarily and or provisionally retained by the lessor of the Premises pending resolution of matters relating to Debtor's lease of the Premises and may have been adversely affected by a burglary and or other unauthorized and illegal breaking into the Premises involving theft of Debtor's assets, goods and or items in its possession subsequent to closure of the Premises on February 20, 2018.

6. Ms. Ewens further stated at the 341 hearing that Debtor had been denied all access to the Premises since their announced closure on February 20, 2018; but that nevertheless she and or one or more other representatives of Debtor did obtain access to the Premises subsequent to the alleged burglary or illegal entering as the basis for concluding that theft of Debtor's assets, goods or items in its possession had occurred.

7. Dr. Jones was convicted of a felony of illegal possession of controlled substances Schedule II by fraud and deceit under 21 U.S.C. 843(a)(3) and sentenced to thirty (30) months in Federal prison in 2001.

8. Claimant on information and belief holds a reasonable suspicion of fraud and or other inappropriate behavior financially and otherwise by intention, willful misconduct and or gross negligence by Debtor and or Dr. Jones, separately and or in tandem or collusion.

9. The abrupt and immediate closure of the Premises without notice by Debtor, resulting immediate indefinite cessation of medical treatment by Dr. Jones, failure to furnish to Claimant her Medical Records and failure for Dr. Jones and or Debtor to a referral or linkage to continuing care and avoid a disruption of continuing medical care, constitute patient abandonment under recognized ethical and legal standards of medical care by licensed medical practitioners and third parties involved in providing their services to patients.

WHEREFORE Claimant Creditor Andrea Kryiazi prays that

A) The Court deny the Motion;
B) The Court take note of Claimant's allegation on information and belief of suspicion of fraud perpetrated by and or on behalf of Debtor and or its representative(s) with intent,

2

willful misconduct and or gross negligence in collusion and or otherwise in tandem with Debtor's contractor Dr Joseph Jones; and

C) The Court grant Claimant such other and further relief as to the Court may deem to be just and proper.

D)

*[signature]*

MS. ANDREA KYRIAZI
*Pro Se*

### MEMORANDUM OF POINTS AND AUTHORITIES

1. The record herein.

2. It must be and is recognized pursuant to the applicable laws, rules and regulations of the United States of America and of the Commonwealth of Virginia that the circumstances here present constitute <u>per se</u> patient abandonment whereby a Patient Ombudsman is needed and the Motion should be denied. See Rosen v. Griefenberger, 513 S.E. 2nd 513 (Va. 1999), citing Vann v. Harden, 47 S.E. 2nd 314 (Va. 1948).

*[signature]*
Andrea Kyriazi
2520 Woodrow Wilson Dr.
Herndon, VA 20171
Tel. (703) 509-8893
andraveg@msn.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy for the foregoing Opposition and Memorandum were hand delivered to the Court and sent electronically or by U.S. mail with first class postage prepaid to the Chapter 7 Trustee, the U.S. Trustee's Office and Counsel to Debtor on May 15, 2018.

*[signature]*
Andrea Kyrazi